EUGENE RYU, Bar No. 209104
MEL M.C. COLE, Bar No. 293265
BYUNG-KWAN PARK, BAR No. 306719
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
Telephone:    415.433.1940
Facsimile:    415.399.8490

Attorneys for Defendant
KOREANA PLAZA MARKET SACRAMENTO, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS F. RONQUILLO and CECILIA M. HERNANDEZ,<br><br>               Plaintiffs,<br><br>v.<br><br>KOREANA PLAZA MARKET SACRAMENTO, INC. and DOES 1 through 20 inclusive,<br><br>               Defendants. | Case No. 2:16-cv-02325-MCE-EFB<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER      1.      (No. 2:16-cv-02325-MCE-EFB)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

THE COURT HEREBY ENTERS THE FOLLOWING STIPULATED PROTECTIVE ORDER IN THE ABOVE-REFERENCED MATTER:

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26 and Local Rule 141.1.

## TWO KINDS OF CONFIDENTIAL TREATMENT

A.   Any party may, through counsel, designate documents or information as "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS ONLY" to protect the confidentiality of matters that may constitute trade secrets, or proprietary information, or may be protected by personal privacy rights or other protected rights. The items parties may designate for this treatment include, but are not necessarily limited, to the following: documents (regardless of how they are generated, stored, or maintained); discovery requests and responses; transcripts of depositions; hearings and any other pre-trial motions; and any information contained in any of the foregoing (hereafter "Item" or "Items").

B.   The types of Items that the parties seek to prevent disclosure of include personal information of non-parties and confidential internal Defendant Koreana Plaza Market Sacramento, Inc. ("Koreana Market") communications and/or documents, such as notes on Koreana Market's future business plans. The protection of personal information of non-parties is necessary to safeguard their privacy interests, because the public disclosure of non-party personal information could lead to unwarranted embarrassment or harm to the non-party. The protection of internal Koreana Market communications and/or documents is necessary to safeguard Koreana Market's financial and competitive interests, because the public disclosure of such communications and/or documents could lead their use by Koreana Market's competitors to Koreana Market's detriment.

C.   Protection of Items should be addressed by this Court's order as opposed to private agreement, because the imprimatur of a court order will enhance the effectiveness of the protections set out below. Also, this Court's continuing jurisdiction to enforce this agreement will

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

[PROPOSED] STIPULATED PROTECTIVE ORDER    2.    (No. 2:16-cv-02325-MCE-EFB)

1 enable the parties to remedy any breach of or disputes regarding this Stipulated Protective Order, as
2 opposed to more cumbersome and uncertain procedures for enforcing a private agreement.

3       D.     Items designated "CONFIDENTIAL" shall be used solely for purposes of this
4 litigation, and shall be disclosed only to: the parties, their attorneys, their attorneys' regular office
5 staff, their expert witness (whether prospective or actual), any witness testifying at deposition or at
6 trial in this action, the Court or the jury (provided the documents are filed under seal as provided for
7 herein), an arbitrator or mediator, a discovery referee, any court reporter taking a deposition at which
8 the information is used or disclosed, and any other person with the prior written consent of the party
9 producing the document.  For any party that is a corporation, the only persons to whom such items
10 shall be disclosed are the corporation's officers, directors, and in-house counsel, if any.

11       E.     Items designated "CONFIDENTIAL – ATTORNEYS ONLY" shall be used
12 solely for purposes of this litigation, and shall be disclosed only to the parties' outside counsel of
13 record who are not employees of a party to this action, those attorneys' regular office staff, their
14 expert witness (whether prospective or actual), the Court or jury (provided they are filed under seal
15 as called for herein), an arbitrator or mediator, any court reporter taking a deposition at which the
16 information is being disclosed, any person who was an author or addressee of the document, who is
17 shown on the document as having received a copy of it, or who is testifying on behalf of the person
18 or entity that produced the document in this litigation, and any other person with the prior written
19 consent of the party producing the document.

20       F.     All persons (other than the parties herein, their attorneys, their attorneys' staff,
21 the Court and its personnel, the jury, or court reporters) who view any of the documents designated
22 as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," must sign Exhibit A prior
23 to any inspection of the documents.  Exhibit A must then be forwarded to opposing counsel within
24 five (5) court days.  If a non-disclosed expert or consultant is viewing the confidential Item, then his
25 or her name can be redacted from the copy served on opposing counsel.

26       <u>AGREEMENTS FOR BROADER DISCLOSURE</u>

27       G.     The parties may agree to broader disclosure of items designated
28 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," but only through a writing

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER     3.     (No. 2:16-cv-02325-MCE-EFB)

1  signed by all attorneys who made or joined in the designation.  Those agreements may require as a
2  condition that any additional persons to whom confidential information is disclosed must first sign a
3  document confirming that they have read, understand, and will abide by the terms of this stipulation.

### HOW TO DESIGNATE ITEMS FOR CONFIDENTIAL TREATMENT

H. If a party producing a paper document intends to designate it or any part of it for confidential treatment under this Stipulated Protective Order, that party shall mark all protected pages of the document to indicate that it is either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY." For Items produced in some form other than documentary and for any other tangible Items, the producing party shall mark "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" in a prominent place on the exterior of the container or containers in which the information is stored.

I. If a party other than the producing party intends to designate an Item for confidential treatment under this Stipulated Protective Order, that party non-producing party shall inform the other parties of the designation promptly and in writing.  Each party receiving the Item shall then add the appropriate legends set forth in the previous paragraph.

J. To designate a deposition or any party of it for confidential treatment, a party shall make the designation on the record during the deposition or by a letter promptly sent to opposing counsel after the deposition.  Any other designations shall be made in writing and delivered promptly to opposing counsel, or on the record at any proceeding.

K. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive a party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a designation, the parties must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

### CHALLENGING CONFIDENTIALITY DESIGNATIONS

L. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

[PROPOSED] STIPULATED PROTECTIVE ORDER     4.     (No. 2:16-cv-02325-MCE-EFB)

1    or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by
2    electing not to mount a challenge promptly after the original designation is disclosed.

3          M.   The party challenging another's confidentiality designation shall initiate the
4    dispute resolution process by providing written notice of each designation it is challenging and
5    describing the basis for each challenge. The parties shall attempt to resolve each challenge in good
6    faith and must begin the process by conferring in writing within 14 calendar days of the date of
7    service of notice. In conferring, the challenging party must explain the basis for its belief that the
8    confidentiality designation was not proper and must give the designating party an opportunity to
9    review the designated material, to reconsider the circumstances, and, if no change in designation is
10   offered, to explain the basis for the chosen designation. A challenging party may proceed to the next
11   stage of the challenge process only if it has engaged in this meet and confer process first or
12   establishes that the designating party is unwilling to participate in the meet and confer process in a
13   timely manner.

14         N.   If the parties cannot resolve their dispute as to the confidential nature of the
15   Item(s) at issue, the designating party may move this Court for a protective order preserving the
16   confidentiality designation of the Item. Any such motion shall be supported by a declaration from
17   counsel describing the meet and confer process. If the designating party fails to move for a
18   protective order within 20 calendar days after good faith negotiations to resolve the dispute have
19   failed, the confidential designation as to such material shall be deemed to have been withdrawn.

20         <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
21         OTHER LITIGATION</u>

22         O.   If a party is served with a subpoena or a court order issued in other litigation
23   that compels disclosure of any information or items designated in this action as "CONFIDENTIAL"
24   or "CONFIDENTIAL – ATTORNEYS ONLY," that party must:

25         (a)  promptly notify in writing the designating party. Such notification shall
26         include a copy of the subpoena or court order;
27         (b)  promptly notify in writing the party who caused the subpoena or order to
28         issue in the other litigation that some or all of the material covered by the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

[<s>PROPOSED</s>] STIPULATED PROTECTIVE ORDER     5.     (No. 2:16-cv-02325-MCE-EFB)

1 subpoena or order is subject to this Stipulated Protective Order. Such notification
2 shall include a copy of this Stipulated Protective Order; and

3 (c) cooperate with respect to all reasonable procedures sought to be pursued by
4 the designating party whose Items may be affected.

5     P.    If the designating party timely seeks a protective order, the party served with
6 the subpoena or court order shall not produce any information designated in this action as
7 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" before a determination by the
8 court from which the subpoena or order issued, unless the served party has obtained the designating
9 party's permission. The designating party shall bear the burden and expense of seeking protection in
10 that court of its confidential material, and nothing in these provisions should be construed as
11 authorizing or encouraging a party in this action to disobey a lawful directive from another court.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13     Q.    If any party or counsel learns that, by inadvertence or otherwise, it has
14 disclosed Protected Material to any person or in any circumstance not authorized under this
15 Stipulated Protective Order, that party must immediately (a) notify in writing the designating party
16 of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
17 Item(s), (c) inform the person or persons to whom unauthorized disclosures were made of all the
18 terms of this Stipulated Protective Order, and (d) request such person or persons to execute the
19 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## FILING DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

21     R.    Without written permission from the designating party or a court order
22 secured after appropriate notice to all interested persons, a party may not file in the public record in
23 this action any Items designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS
24 ONLY." A party that seeks to file under seal any Item with a confidentiality designation must
25 comply with Local Rule 141. Confidential Items may only be filed under seal pursuant to a court
26 order authorizing the sealing of the specific Items at issue. If a party's request to file Items with a
27 confidentiality designation under seal pursuant to Local Rule 141 is denied by this Court, then that
28 party may file the information in the public record unless otherwise instructed by the court.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

[PROPOSED] STIPULATED PROTECTIVE ORDER    6.    (No. 2:16-cv-02325-MCE-EFB)

## APPLICATION AND DURATION

S. This Stipulated Protective Order, and the limits it imposes on the disclosure and use of information, shall apply to any parties subsequently added to the litigation, and shall continue to apply even after the litigation is concluded unless the court orders otherwise or the parties all expressly agree in writing. This Stipulated Protective Order is imposed on the parties, their attorneys, their attorneys' regular office staff, their expert witnesses (whether prospective or actual), and their consultants. Any unauthorized use or any documents or information contained in the document that has been designated as confidential ~~shall~~ may be punishable by contempt. The Items must be stored and maintained by counsel at a location and in a secure manner that ensures access is limited to the persons authorized under this Stipulated Protective Order.

T. All documents that are subpoenaed and/or produced that are designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" and all Items that reflect information contained therein are to be returned or destroyed within 60 days once the disposition is final and all appeals in this matter have been exhausted. The party providing any Items to an expert witness (whether prospective or actual) and/or consultant is responsible for obtaining return of all documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," and expert witnesses (whether prospective or actual) and/or consultants are not permitted to retain any copies of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" documents. Whether confidential Items are returned or destroyed, all parties must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Items that were returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Items. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, discovery, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential Items. Any such archival copies that contain or constitute protected Items remain subject to this Stipulated Protective Order.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER     7.     (No. 2:16-cv-02325-MCE-EFB)

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 12, 2016 _____    /s/ _____

                                          EUGENE RYU
                                          MEL M.C. COLE
                                          BYUNG-KWAN PARK
                                          Attorneys for Defendant
                                          KOREANA PLAZA MARKET
                                          SACRAMENTO, INC.

DATED: December 12, 2016 _____    /s/ Martin Velez (as authorized on 12/12/2016)

                                          G. MARTIN VELEZ
                                          Attorneys for Plaintiffs

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  December 15, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

[PROPOSED] STIPULATED PROTECTIVE ORDER      8.      (No. 2:16-cv-02325-MCE-EFB)

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

Re:   *Jesus F. Ronquillo & Cecilia M. Hernandez v. Koreana Plaza Market Sacramento, Inc.*
Case No. 2:16-cv-02325-MCE-EFB

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the above-referenced case. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Firmwide:144296964.1 082333.1004

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER            9.            (No. 2:16-cv-02325-MCE-EFB)